FILED
U.S. DISTRICT COURT
2006 JAN 17 P 4: 33
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONALD MORELLO, | ) |
| | ) |
| Petitioner, | ) Case No. 2:03-CV-681 DAK |
| | ) |
| v. | ) District Judge Dale A. Kimball |
| | ) |
| UTAH BOARD OF PARDONS, | ) **O R D E R** |
| | ) |
| Respondent. | ) Magistrate Judge Samuel Alba |

Petitioner, Ronald Morello, filed a habeas corpus petition. *See* 28 U.S.C.S. §§ 2241 & 2254 (2005). In it, he argues that: (1) his due process rights were violated because (a) his state parole hearing was not held within the time limits prescribed by state law, and (b) his pre-sentence investigation report contained false information, which he did not know about for many years and was unable to correct before his parole hearing; and (2) his guilty plea in May of 1983 was involuntary and unknowing because it was based on a false assurance by his defense attorney that his federal sentence would "eat up" his state sentence.

This is Petitioner's fourth habeas petition in this Court. The first two were filed under the name "Ronald Patini" and were dismissed without prejudice, citing Petitioner's failure to exhaust his state court remedies. *Patini v. Utah Bd. of Pardons & Parole*, No. 2:00-CV-167 TC (D. Utah Apr. 4, 2000); *Patini v. Hasty*, No. 2:99-CV-584 DB (D. Utah Aug. 31, 1999). The third was

denied because Petitioner failed to file it within the period of limitation. *Morello v. State of Utah*, No. 2:00-CV-199 TC (D. Utah Oct. 31, 2000), *aff'd,* No. 00-4196 (10th Cir. June 1, 2001).

In this petition, Petitioner first challenges the validity of his parole proceedings, in which he argues the State violated his due process rights. As the Court noted, however, in Petitioner's last case here, this argument is not

> cognizable in federal habeas corpus proceedings. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
>
> Petitioner asserts that the Board of Pardons violated his right to due process. The Supreme Court has held that in order to have a liberty interest in parole protected by the Due Process Clause, a prisoner must have a legitimate claim of entitlement to it. *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional right to parole prior to the expiration of a valid sentence. *Id.* Further, "absent state standards for the granting of parole, decisions of a parole board do not automatically invoke due process protections." *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994); *see Greenholtz*, 442 U.S. at 7-8.
>
> The Tenth Circuit has held, in the context of a civil rights case, that the Utah Code creates no "legitimate expectation of release" as contemplated by *Greenholtz*. *Malek*, 26 F.3d at 1015-16; *see* Utah Code Ann.

2

> §§ 77-27-5; 77-27-9. Instead, the Utah statute grants the Board of Pardons complete discretion in making parole decisions. *Malek*, 26 F.3d at 1016. Accordingly, the Utah parole statute does not create a liberty interest entitled to due process protection under the Fifth and Fourteenth Amendments of the Constitution of the United States. *Malek*, 26 F.3d at 1016; *see also Foote v. Utah Bd. of Pardons*, 808 P.2d 734, 734 (Utah 1991) (noting that because the statutory language does not limit the Board's discretion, there is no federally protected liberty interest in parole release); *Dock v. Latimer*, 729 F.2d 1287 (10th Cir. 1984) (holding in civil rights case that the Board's alleged failure to comply with procedure set forth in parole statute and regulations did not violate any right under the United States Constitution).
> Petitioner correctly asserts that the Utah Constitution affords due process protections with regard to parole proceedings in excess of those provided by the United States Constitution. *Foote*, 808 P.2d at 734-35. However, because federal habeas relief may not be based upon a violation of state law, the [arguments] against the Board of Pardons raise[] no ground for relief that is cognizable in federal habeas proceedings. *McGuire*, 502 U.S. at 67; *Jeffers*, 497 U.S. at 780.

*Morello*, No. 2:00-CV-199 TC, adopted R&R, at pp. 13-15.

As this Court has already explained to Petitioner, then, his challenges to the alleged lack of due process in his parole proceedings do not provide grounds for relief in a federal habeas case. *See also Parker v. Sirmons*, No. 05-6124, 2005 U.S. App. LEXIS 21816, at *6-7 (10th Cir. Oct. 7, 2005) (unpublished)

(holding § 2241 petitioner did not "present a cognizable constitutional claim" when he challenged lack of due process in his parole proceedings). The Court thus dismisses them.

The only remaining issue is Petitioner's attack on the knowingness and voluntariness of his guilty plea. Here, Petitioner contends that he pled guilty based on counsel's false assurance that his federal sentence would "eat up" his state sentence. Petitioner thus essentially puts forth the same challenge as one asserted in the third petition; it is therefore "second or successive." See 28 U.S.C.S. § 2244(b) (2005).

Second or successive habeas issues cannot be filed in district court until the petitioner "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Id. § 2244(b)(3)(A). However, Petitioner appears to have filed this issue in the current petition without first asking permission from the Tenth Circuit. When a second or successive § 2254 challenge is filed in a district court without the necessary appellate court sanction, it must be transferred under 28 U.S.C. § 1631 to the proper court. Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

**IT IS THEREFORE ORDERED** that (1) the issues regarding the alleged lack of due process in Petitioner's parole proceedings

4

are dismissed because they do not implicate the Federal Constitution; and (2) the remaining second or successive issue, regarding the validity of Petitioner's guilty plea, be transferred to the United States Court of Appeals for the Tenth Circuit.

DATED this 17th day of January, 2006.

BY THE COURT:

*Dale A. Kimball*
DALE A. KIMBALL
United States District Judge